R. JOHN YOUNGS (SBN 106694)
P.O. Box 567
Placerville, CA 95667
Telephone: (916) 622-7342

Attorney for Unsecured Creditor,
HARVEY'S RESORT HOTEL & CASINO

FILED

99 APR 21 PM 1:52

CLERK, U.S. BANKRUPTCY CT.
EASTERN DIST. OF CA.
SACRAMENTO, CA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re:

EDWARD H. BJORUM

            Debtor.

) CASE NO. 99-21357-A-13
) MCN:NLE-01
)
) OBJECTION TO CONFIRMATION
) OF CHAPTER 13 PLAN
)
) Date: May 4, 1999
) Time: 2:00 p.m.
) Court Room: 28

    Creditor, Harvey's Resort Hotel & Casino, an unsecured judgment creditor of debtor ("Creditor") hereby joins with the Trustee in his Objection to Confirmation of the Plan proposed by the debtor on the ground that the Plan is not feasible and hereby further objects to Confirmation on the following additional grounds and on such other grounds as may become apparent at the hearing on Confirmation of the Plan:

    1. <u>The Plan is not the debtor's best efforts</u>. Creditor is informed and believes and thereon alleges that debtor has not proposed to pay all of his projected disposable income into the Plan as required by 11 U.S.C.§1225(b)(1)(B). This allegation is based on, among other things, Creditor's belief that debtor's income (even though irregular at present) is understated and that debtor has overstated some of his expenses.

    Further the debtor has been conducting at least a partial "cash" business and additionally has a future earning capacity of considerably in excess of that he has disclosed to the Court and the Trustee.

    2. <u>The Plan is not in the best interests of unsecured creditors</u>. Creditor is informed and believes and thereon alleges that the value, as at the effective date of the Plan, of property intended

Objection to Confirmation of Chapter 13 Plan

to be distributed under the Plan on account of each allowed unsecured claim is zero ($-0-). This is less that the amount that would be paid on such claims if the debtor was to be liquidated under Chapter 7 of the Bankruptcy Code. This allegation is based on among other things, Creditor's belief that debtor's real property has a greater value and less encumbrances than the debtor has set forth in his filed Schedules.

Further, Creditor believes that the debtor has assets which are hidden from the Court and the Trustee and which would enable the debtor to pay 100% of his unsecured debts.

3. <u>The Plan has not been proposed in good faith</u>. Creditor is informed and believes and thereon alleges that the Plan has not been proposed in good faith by the debtor as required by 11 U.S.C.§1325(a)(3). This allegation is based, inter alia, on Creditor's belief that debtor is hiding cash, income and other assets from the Court and the Trustee, the unfair zero ($-0-) amount of the debtor's proposed payments to unsecured creditors which is obviously not sufficient, the amount of debtor's surplus, the accuracy of the Plan's statements of debt and expenses and importantly, the non-dischargeable nature of the $12,410.81 judgment debt owing to Creditor in a Chapter 7 Petition.

4. <u>The debtor lacks a regular income</u>. Notwithstanding the references herein to the debtor's income, the debtor admitted at the Meeting of Creditors that he is at present unemployed. As such debtor lacks a regular income as required by 11 U.S.C. §109(e).

Creditor's investigation has not yet been completed and Creditor may have additional grounds for Objection to the Plan after completion of such investigation.

Accordingly, Creditor, Harvey's Resort Hotel & Casino objects pursuant to 11 U.S.C. §1324 to the Confirmation of the proposed Plan.

Dated: 4/1/1 , 1999

Respectfully submitted,

R. JOHN YOUNGS
Attorney for Objecting Unsecured Creditor,
HARVEY'S RESORT HOTEL & CASINO

Objection to Confirmation of Chapter 13 Plan - 2 -